IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-11-61-10 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-1832 |
| MICHAEL MAURICE WILSON | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, represented by counsel, filed a motion and a supplemental motion to vacate, set aside, or correct his sentence under section 2255. (Docket Entries No. 801, 882.) The Government filed a motion to dismiss, arguing that defendant's motions are foreclosed by Supreme Court and Fifth Circuit precedent. (Docket Entry No. 887.) Defendant has not file a response to the Government's motion.

Having considered the motions, the record, and the applicable law, the Court GRANTS the motion to dismiss and DENIES defendant's section 2255 motions for the reasons shown below.

*Background and Claims*

On September 25, 2012, defendant pleaded guilty to conspiring to commit bank robbery in violation of 18 U.S.C. § 371, committing armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2, and aiding and abetting discharge of a firearm during a crime of violence ("to wit: a bank robbery") in violation of 18 U.S.C. §§ 924(c) and 2.

The Court sentenced him on September 24, 2013, to 308 months' imprisonment, followed by five years' supervised release.[1] Judgment of conviction was imposed on September 24, 2013, and entered on October 2, 2013. Defendant's appeal of the convictions was dismissed as frivolous by the Fifth Circuit Court of Appeals on February 24, 2015, and mandate issued on March 18, 2015. Defendant did not pursue a writ of certiorari in the Supreme Court.

Defendant filed his original section 2255 motion on June 24, 2016. On July 17, 2016, the Court granted the parties' agreed motion to stay the motion pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. The Supreme Court subsequently issued its opinion in *Beckles* on March 6, 2017. On October 25, 2019, defendant filed a motion to lift the stay, which the Court granted. On January 29, 2020, defendant filed his supplemental section 2255 motion (Docket Entry No. 882), conceding that the Supreme Court's decision in *Beckles* foreclosed his earlier argument. He further asserted challenges to his sentence under *United States v. Davis*, ___U.S.___, 139 S. Ct. 2319 (June 24, 2019), and raised a

---

[1] Defendant was originally sentenced on September 12, 2013, to 288 month's imprisonment. (Docket Entry No. 546.) He was identified in the PSR as a career offender within the meaning of U.S.S.G. § 4B1.1 (Docket Entry No. 437, p. 14, sealed). On September 20, 2013, a post-sentencing addendum to the PSR was filed, stating that defendant's criminal history had been incorrectly shown as category V instead of category VI. (Docket Entry No. 569, sealed.) Defendant was resentenced on September 24, 2013, under a criminal history of category VI. The Court stated on the record at resentencing that the addendum "reflects there was an error in the presentence report and that the defendant, as a career offender, should have had a criminal history category of 6, as opposed to 5." (Docket Entry No. 700, p. 3.) Thus, the record shows that defendant was sentenced on September 24, 2013, as a career offender under U.S.S.G. § 4B1.1.

new claim for procedural sentencing error under Federal Rule of Criminal Procedure ("FRCrP") 35.

The Government argues in its motion to dismiss that defendant's arguments are foreclosed by Supreme Court and Fifth Circuit precedent.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient

facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Analysis*

*Section 2255 Motion*

In his original section 2255 motion (Docket Entry No. 801), defendant argued that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), rendered his sentence under the career offender provision of the Sentencing Guidelines unconstitutional. The Court stayed the motion pending the Supreme Court's decision in *Beckles*.

In his supplemental section 2255 motion, defendant acknowledges that the Supreme Court's decision in *Beckles v. United States*, ___U.S.____, 137 S. Ct. 886 (2017), foreclosed the arguments he raised in his motion. (Docket Entry No. 882, p. 1.) Consequently, defendant's section 2255 motion (Docket Entry No. 801) is DENIED.

*Supplemental Section 2255 Motion*

In his supplemental section 2255 motion (Docket Entry No. 882), defendant challenges his section 924(c) conviction based on the Supreme Court's decision in *United States v. Davis*, ___U.S.____, 139 S. Ct. 2319 (2019).

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." Section 924(c)(1)(A). A federal felony offense is a "crime of violence" under 924(c)(3)(A) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." A felony offense may also be a "crime of violence" under the residual clause of section 924(c)(3)(B) if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Davis*, the Supreme Court held the definition of a "crime of violence" in the residual cause of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. Defendant in the instant case, however, was convicted and sentenced for a "crime of violence" under the elements clause of section 924(c)(3)(A), not the residual clause of section 924(c)(3)(B). The qualifying "crime of violence" for defendant's convictions was Hobbs Act robbery, which the Fifth Circuit recognizes is a "crime of violence" under the elements clause of section 924(c)(3)(A). *See, e.g.*, *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Garcia*, 735 F. App'x 837, 838 (5th Cir. 2018) (unpublished). Federal bank robbery remains a crime of violence after *Davis*. *See United States v. Smith*, No. 18-10476, 2020 WL 2078390, at *2 (5th Cir. Apr. 30, 2020) (affirming application of section 924(c) post-*Davis* because bank robbery qualifies as a crime of violence under section 924(c)'s elements clause).

Because defendant's convictions involved a "crime of violence" under the elements clause of section 924(c)(3)(A), *Davis* does not apply. Defendant's supplemental section 2255 motion warrants no relief under *Davis*.

Defendant further contends that the Court committed plain error under FRCrP 35(a) by correcting his sentence 12 days after initially imposing it, after discovering that the PSR had reported an erroneous guidelines range. Defendant's argument is effectively foreclosed by Fifth Circuit precedent recognizing that Rule 35 allows a court to correct a sentence (within a 14-day window) when it mistakenly uses the wrong Guidelines range. *See United States v. Olarte-Rojas*, 820 F.3d 798, 803–06 (5th Cir. 2016) (affirming sentence correction under Rule 35 when a district court mistakenly used the wrong number in a Guidelines provision). Defendant's supplemental motion warrants no relief under FRCrP 35.

## *Conclusion*

Respondent's motion to dismiss (Docket Entry No. 887) is GRANTED and defendant's section 2255 motions (Docket Entries No. 801, 882) are DENIED. A certificate of appealability is DENIED. The ancillary civil case, C.A. No. H-16-1832 (S.D. Tex.), is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas, on November 25, 2020.

_____
Gray H. Miller
Senior United States District Judge